The opinion of the Court was delivered by
Poché, J.
Plaintiff brought this suit for judgment on a balance of $2,504.18, alleged to be due to him by defendant on an account of $5,958.94, covering a period of seven years’ duration.
After pleading the general denial, the defendant filed the plea of payment of $1,500 over and above the credits allowed him by plaintiff, and re-pleaded a general denial as to the balance.
The judgment of the District Court was in favor of plaintiff for $1,094.96. Defendant appeals and plaintiff moves for an amendment of the judgment, with a view to recover the whole amount of his claim.
A correct solution of the problem offered by the pleadings and the evidence in the record would necessitate a minute examination, a thorough consideration and a skilful comparison of long and intricate accounts, receipts and vouchers, amounting together to sixty-eight documents.
In the language of our predecessors, in the case of Spraggins vs. White’s Executors, 4 N. S. 298, u It is a matter of surprise to us that in cases like this, where the law authorized courts to aid their investigation by placing accounts before referees, the Judges of the first instance neglect or refuse to profit by their assistance. We think it would greatly promote the ends of justice to send all such cases before men accustomed to the examination and settlement of accounts; it is almost impossible Judges can examine them with the same accuracy or arrive at as exact results.”
The examination which we have made of this record has convinced us that the provisions of Article 443 of the Code of Practice were intended to meet precisely such cases as this.
In his oral argument before us, plaintiff’s astute counsel admitted his inability, even after days of tedious examination, of “ the inter *1218 minable list of papers produced by the defendant,” to ascertain the precise drift of his defense.
In justice to other litigants whose cases are awaiting our action, we are compelled to refrain from such an improbable and useless undertaking, and we shall remand this cause for the purpose of submitting its long and intricate accounts to the examination of auditors. Bird vs. Black, 5 An. 192; McConnell vs. Pasley, 31 An. 532.
It is, therefore, ordered, that the judgment appealed from be reversed and set aside, and that this cause be remanded to the Civil District Court of the Parish of Orleans, now vested with jurisdiction in the premises, to be proceeded with according to law, with instructions to submit the examination of the accounts involved in said casé to auditors to be appointed according to law.
Costs to abide the final determination of the controversy.
Rehearing refused.